### MCCARTHY *v.* CITY OF GULFPORT.

[99 So. 501.  No. 24001.]

(Division B.  April 7, 1924.)

CRIMINAL LAW.  *Evidence obtained by search of defendant's premises without warrant inadmissible.*

Evidence of the possession of intoxicating liquor obtained by means of a search of defendant's premises without a warrant required by the Constitution of 1890, section 23, is not admissible.

APPEAL from circuit court of Harrison county.
HON. D. M. GRAHAM, Judge.

Catherine McCarthy was convicted of the unlawful possession of intoxicating liquors, and she appeals. Reversed and remanded.

*C. B. Adam,* for appellant.

The officer did not have any search warrant and was therefore without any authority of law to make a search of the premises or of the person or effects of·the appellant. Section twenty-three (23) of the Constitution of Mississippi. *State* v. *Patterson,* 95 So. 96-97; *Hill* v. *State,* 92 So. 579; *Tucker* v. *State,* 90 ·So. 845.

The court below erred in refusing to give a peremptory instruction as requested by appellant. The testimony offered by the city was incompetent and inadmissible unless the city could show that the officer had a valid search warrant for the premises of the appellant; and unless there was a valid search warrant for the premises of the appellant, the appellant was entitled to a peremptory instruction, *Smith* v. *State,* 98 So. 344; Constitution 1890, section 23.

In the case at bar there was no express invitation or freely granted permission on the part of the appellant, it was simply a case where an officer while on another mission entirely, discovered by accident a negro woman, shortly after daybreak in the morning, coming out of her own back door with a bundle under her arm and saw her deposit or place the same under the edge of her house. It matters not whether there was a stone.wall drawn around her cottage or whether there was a single stretch of wire, or any kind or character of fence at all, that would make no difference. It was her premises, it was her castle, just the same and he had no right to invade that home, or to go under the edge of it and remove or examine, or take from it a bundle when he knew not what its content were. In *Smith* v. *State,* 98 So. 344, it is stated that when an officer acting under the badge of legal authority is wrongfully searching the private premises of a person, such private person is not required expressly to protest and object. The law recognizes that he is objecting to such unlawful search and his objection continues unless he expressly and voluntarily agrees otherwise after permission is asked and before the search is undertaken.

In this case there was no request made by the officer to search the premises of the appellant, nor was there any permission granted.

No Brief filed for appellee.

Cᴏᴏᴋ, J., delivered the opinion of the court.

On appeal to the circuit court of Harrison county the appellant, Catherine McCarthy, was convicted of having in her possession intoxicating liquor in violation of an ordinance of the city of Gulfport, and from the judgment of conviction she prosecuted this appeal.

The testimony upon which this conviction rests, and which was admitted over the objection of the appellant, was secured in the following manner: Shortly after daylight one morning a policeman of the city started out for the purpose of arresting a certain party. In going to the home of this party he passed along a street running in the rear of appellant's home, and at that point he stepped into a toilet at the rear of a vacant house adjoining the home of the appellant. While concealed in this toilet he saw the appellant come out the back door of her home with a large package in her hands, the package being wrapped with a feed sack and newspapers. She placed this package at the edge of her house, next to the sill thereof, and re-entered the house. The policeman did not know what was contained in this package, and proceeded, to make an investigation. He went upon the premises of the appellant, secured this bundle from under the edge of her house, unwrapped it, and found therein a jug containing moonshine whisky. He had no warrant for the search of the premises of appellant, and, when this testimony was offered, it was objected to on the ground that it was illegally obtained without a search warrant.

Under the rule announced in the case of *Tucker* v. *State,*

128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, and reaffirmed in the case of *Owens* v. *State* (Miss.), 98 So. 233, and numerous other cases decided since the Owens Case, this testimony, which was secured by a search of private premises without a search warrant, was inadmissible, and consequently the judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*